**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2678
_____

LOUIS GEORGE DOVER,
                                    Appellant

v.

PENNSYLVANIA STATE TROOPER KYLE LASKOSKIE; PENNSYLVANIA
STATE TROOPER FRANK GAWEL; JOHN DOE SHIFT SUPERVISOR
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:21-cv-02953)
District Judge: Honorable Edward G. Smith

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 25, 2022
Before:  GREENAWAY, JR., PORTER and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed May 19, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Following a traffic stop by Pennsylvania State Troopers, Louis Dover was arrested and then charged with several state-law offenses, including carrying a firearm without a license. Dover ultimately entered a negotiated plea of guilty to charges of DUI and operating a vehicle without rear lights. The remaining charges were nolle prossed.

Thereafter, Dover filed suit in the District Court claiming, inter alia, that the State Troopers unlawfully arrested him and seized his property (a firearm, ammunition, and more). The District Court screened Dover's operative pleading and determined under 28 U.S.C. § 1915(e)(2)(B)(ii) that he failed to state a viable claim. The District Court dismissed, pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), certain of Dover's claims without prejudice to his filing a new case "if his underlying conviction is reversed, vacated, or otherwise invalidated." Dover v. Tallarico, DC Civ. No. 5:21-cv-02425, ECF No. 7 at 2 (E.D. Pa. June 11, 2021) ("Dover I"). The District Court dismissed Dover's due process claims, which sought the return of the seized property, without prejudice to his seeking relief in state court. All other claims were dismissed *with* prejudice.

Dover did not appeal the judgment in Dover I. And it does not appear from the record that he initiated litigation in state court, either to reclaim the seized property or to have his convictions invalidated.

What Dover did do is file in the District Court a new civil rights action in order to, in his words, "take[] on the due process claims which were dismissed without prejudice" in Dover I. With the new action, Dover did not ask for the return of his property. Instead, he asked for money damages, an investigation of the State Troopers, and an apology.

2

The District Court screened Dover's original complaint, and then screened his amended complaint after granting leave to amend. The District Court sua sponte dismissed Dover's amended complaint under § 1915(e)(2)(B)(ii), with prejudice, for failure to state a viable claim. Generally speaking, the District Court ruled that the doctrine of res judicata doomed Dover's claims, which had already been raised against the named defendants and resolved in <u>Dover I</u>. With regard to the due process claims in particular, the District Court reminded Dover that he "may pursue the return of his property in state court if appropriate." Additionally, the District Court determined that permitting further amendment of Dover's pleading would be futile, so it declined to offer leave to file a second amended complaint.

Dover appealed. We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's judgment. <u>See</u> <u>Weimer v. Cnty. of Fayette, Pa.</u>, 972 F.3d 177, 186 (3d Cir. 2020). Our review of a dismissal under § 1915(e)(2)(B)(ii) is de novo. <u>See</u> <u>Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000). We review the District Court's denial of leave to amend for abuse of discretion, although we review de novo the determination that amendment would be futile. <u>See</u> <u>U.S. ex rel. Schumann v. AstraZeneca Pharm. L.P.</u>, 769 F.3d 837, 849 (3d Cir. 2014).

There was no error or abuse of discretion by the District Court in this case. In <u>Dover I</u>, Dover's due process claims were dismissed without prejudice to his ability to pursue an action in state court under Pennsylvania Rule of Criminal Procedure 588(A) ("A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled

3

to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized."). The claims were not dismissed without prejudice to refiling a virtually identical complaint in federal court.

On that note, we agree with the District Court's res judicata analysis in full. "The preclusive effect of a federal-court judgment is determined by federal common law," Taylor v. Sturgell, 553 U.S. 880, 891 (2008), and all the elements of federal-law res judicata exist in Dover's renewed civil rights case against the State Troopers, see Marmon Coal Co. v. Dir., Off. of Workers' Comp. Programs, 726 F.3d 387, 394 (3d Cir. 2013) ("A party seeking to invoke res judicata must establish three elements: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'") (citation omitted).

Furthermore, we are not troubled by the District Court's application of the res judicata doctrine—normally wielded by parties as an affirmative defense, see Fed. R. Civ. P. 8(c)—at the screening stage. Given the District Court's familiarity with Dover's serially presented, previously litigated claims, dismissal under § 1915(e)(2)(B)(ii) on res judicata grounds was appropriate. See Arizona v. California, 530 U.S. 392, 412 (2000) (explaining that, "if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte,* even though the defense [of res judicata] has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste") (citation

4

omitted); see also United States v. Mitchell, 518 F.3d 740, 749 (10th Cir. 2008); Wilson v. Lynaugh, 878 F.2d 846, 851 (5th Cir. 1989).

Equally appropriate was the District Court's decision to deny Dover further leave to amend on the ground of futility. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010) ("Under Rule 15(a), futility of amendment is a sufficient basis to deny leave to amend."). A second amended complaint in this case would have been, in effect, a sixth opportunity over the span of two cases and three months to plead facts and claims related to the fateful traffic stop. The opportunity would not have been meaningful, in light of the District Court's prior rulings.

Finally, we observe that the arguments in Dover's appellate brief are focused almost exclusively on rulings made by the District Court in Dover I (e.g., the District Court's statute-of-limitations ruling). While Dover is in the right forum to make such arguments, he has picked the wrong time to make them. If Dover wished to attack the District Court's judgment in Dover I, he should have timely appealed that judgment.

Accordingly, because the District Court's decision dismissing Dover's action on res judicata grounds is sound, and because it would thus have been futile to allow Dover to file a second amended complaint, we will affirm the judgment of the District Court.